# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**CHATTER PAL LNU,**

      **Petitioner,**

    v.

**WARDEN, BUTLER COUNTY CORRECTIONAL COMPLEX, et al.,**

      **Respondents.**

**Case No. 1:26-cv-232**

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## <u>ORDER</u>

U.S. Immigration and Customs Enforcement (ICE) is currently detaining Petitioner Chatter Pal LNU,[1] an Indian citizen, pending removal proceedings. Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1), requesting that the Court order his release, and has since moved for a temporary restraining order, (Doc. 2), requesting that same relief. Petitioner asserts that ICE is detaining him under 8 U.S.C. § 1225(b)(2), which mandates detention, when instead 8 U.S.C. § 1226(a), which provides for discretionary detention, governs. (*Id.* at #19–21). He also asserts that his detention under § 1225(b)(2) violates due process. (*Id.* at #10–18). This Court recently addressed these precise questions in *Coronado v. Secretary, Department of Homeland Security*, No. 1:25-cv-831, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025), further explained its reasoning in *Masis Lucero v. Field Office Director of Enforcement and Removal Operations*, No. 1:25-cv-823, 2025 WL 3718730 (S.D. Ohio

---

[1] LNU stands for "last name unknown." The Court will thus simply refer to the petitioner as Petitioner.

Dec. 23, 2025), and has adopted the same position in various additional petitions raising these or similar issues, *see, e.g.*, *Phurtskhvanidze v. Field Office Dir. of Enforcement and Rem. Ops.*, No. 1:25-cv-827, 2026 WL 160833 (S.D. Ohio Jan. 21, 2026); *Alcan v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 1:25-cv-961, 2026 WL 472333 (S.D. Ohio Feb. 19, 2026). As with the petitioners in those actions, Petitioner here entered the United States without admission or inspection. (*See* Doc. 1, #7; Doc. 1-2, #3 (Notice to Appear)). As a result, this case is materially indistinguishable from those prior cases, and the same analysis controls.

While Petitioner disagrees with how the Court, in those previous decisions, read *Jennings v. Rodriguez*, 583 U.S. 281 (2018), he offers no argument that persuades the Court that it should reconsider that approach. (*See* Doc. 16, #163). Indeed, since the Court has issued the decisions cited above, two circuits, the Fifth and the Eighth, have come to the same conclusion that the Court did. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *but see Castañon-Nava v. U.S. Dep't of Homeland Sec*, 161 F.4th 1048, 1061 (7th Cir. 2025) (holding that § 1226(a) governs similar petitioner). The Sixth Circuit, meanwhile, has heard argument on the issue, but has yet to issue a decision. (*See* Case Argued, *Lopez-Campos v. Raycraft*, No. 25-1965 (6th Cir. Mar. 18, 2026), Doc. 42). So pending further guidance from that court, this Court stands by its previous decisions.

Separately, Petitioner also contends that he is entitled to a remedy as a class member in *Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). (Doc. 1, #19–

2

20). As Respondents highlight, however, the Ninth Circuit recently issued a temporary stay of that declaratory judgment, at least as to any petitioners located outside the Central District of California. (Doc. 15-1, #124–25 (stay order)). Besides that, this Court has already explained its view that petitioners seeking relief as class members in that case should "pursue any such remedy in that court, not this one." *Alcan*, 2026 WL 472333, at *3 n.4.

As a result, the Court will **DISMISS WITHOUT PREJUDICE** the Petition (Doc. 1) so that Petitioner may pursue relief as a potential class member in the Central District of California. Likewise, the Court **DENIES** his Motion for a Temporary Restraining Order (Doc. 3), and **DENIES AS MOOT** Respondent Butler County Jail's Motion to Dismiss (Doc. 9).

As it has done in the past, in dismissing this Petition, the Court notes it is not passing on the wisdom of mandatory detention in this context. But it is Congress, not this Court, that is tasked with making those policy determinations, subject only to constitutional limitations. And the Court concludes that Congress has spoken on the topic through the plain language of § 1225(b)(2) and § 1226(a). Of course, Congress remains free to revisit the language of those statutes at any time, should it wish to do so. But absent that, or different instruction from the Sixth Circuit, the Court finds that the statutory mandatory detention command applies.

That said, statutory commands, as just noted, must also conform with the Constitution. And the Court acknowledges that, if Petitioner's pre-removal detention goes on too long, due-process concerns may well arise. His current detention, though,

3

has been roughly five months, and that is insufficient to trigger such concerns. So the constitutional limits on the maximum permissible duration of such detention is a question for another day. Having said that, in connection with dismissing this action, the Court **ORDERS** the government to provide this Court and Petitioner's counsel in writing, within fourteen (14) days, its best current estimate as to when a determination on the question of Petitioner's removal will be administratively final. Once the government has provided that information, the Court, as noted above, will dismiss this petition without prejudice.

      **SO ORDERED.**

April 20, 2026
 **DATE**

                                     **DOUGLAS R. COLE**
                                     **UNITED STATES DISTRICT JUDGE**